UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH M. FREEMAN,<br><br>Defendant. | NO. CR23-008 JLR<br><br>**INFORMATION**<br>**(Felony)** |

The United States Attorney charges that:

At all times relevant to this Information:

*Relevant Individuals and Entities*

1. Defendant JOSEPH M. FREEMAN was a resident of King County, Washington.

2. Special Delivery LLC was a limited liability company that was formed in approximately April 2004. According to Washington Secretary of State records, the business of Special Delivery LLC was services. JOSEPH M. FREEMAN was the sole owner of Special Delivery LLC.

3. New Jack Trucking LLC was a limited liability company that was formed in approximately April 2019. According to Washington Secretary of State records, the business of New Jack Trucking LLC was construction. JOSEPH M. FREEMAN was the

Information - 1
*United States v. Freeman*
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sole owner of New Jack Trucking LLC.

### *The Paycheck Protection Program*

4. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted on March 27, 2020, and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in government funding for forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

5. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. The PPP loan application required the business representative to state that the business was in operation on February 15, 2020, and that it had employees for whom it paid salaries and payroll taxes. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

6. PPP loan applications were processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the U.S. Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of

Information - 2
*United States v. Freeman*
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

7. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on the allowable expenses within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

8. Lender 1 was an online money transfer business headquartered in Redwood City, California. Lender 1 served as a broker between borrowers and Financial Institution 1 and Financial Institution 2, which were both PPP lenders. Financial Institution 1 was a Federal Deposit Insurance Corporation-insured bank headquartered in Salt Lake City, Utah. Financial Institution 2 was a Federal Deposit Insurance Corporation-insured bank headquartered in Fort Lee, New Jersey. As a broker, Lender 1 collected and provided loan applications to Financial Institution 1 and Financial Institution 2 for funding once approved.

## COUNT 1

**(Conspiracy to Commit Theft of Government Funds)**

9. The allegations in Paragraphs 1-8 are re-alleged and incorporated by reference as if set forth in full herein.

**A.     The Conspiracy**

10. Beginning in or around May 2020, and continuing until in or around June 2020, in King County, within the Western District of Washington, and elsewhere, defendant JOSEPH M. FREEMAN, together with others known and unknown, did conspire, confederate and agree, together and with each other, to commit an offense against the United States. Specifically, FREEMAN, together with others known and

Information - 3
*United States v. Freeman*
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unknown, knowingly and willfully did steal and purloin $646,000 belonging to the United States, in violation of Title 18 United States Code, Section 641.

11. The object of the conspiracy was for FREEMAN and his co-conspirators to receive, conceal, and retain COVID-19 relief-related loan proceeds obtained under false and misleading pretenses with intent to convert them to their use or gain, knowing them to have been stolen or purloined.

12. To carry out the conspiracy, FREEMAN, together with his co-conspirators, submitted and caused to be submitted two fraudulent PPP loan applications on behalf of Special Delivery LLC and New Jack Trucking LLC for the following funds:

| Entity Name | Lender | Loan Amount |
|---|---|---|
| Special Delivery LLC | Lender 1/Financial Institution 1 | $500,000 |
| New Jack Trucking LLC | Lender 1/Financial Institution 2 | $146,000 |

13. FREEMAN, together with his co-conspirators, made materially false and misleading statements in the PPP loan applications he submitted and caused to be submitted. FREEMAN, together with his co-conspirators, made and caused to be made the following false statements in Special Delivery LLC and New Jack Trucking LLC PPP loan applications:

   a. Special Delivery LLC had 15 employees for which it paid $200,000 in payroll each month. In fact, Special Delivery LLC had no employees other than FREEMAN and no payroll obligations.

   b. Fake IRS Forms 940 and 941, to make it appear that Special Delivery LLC had employees as of February 15, 2020.

   c. New Jack Trucking LLC had been in operation as of February 15, 2020 and had employees for which it paid salaries and payroll taxes.

   d. New Jack Trucking LLC had 10 employees for which it paid $58,400

Information - 4
United States v. Freeman
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in payroll each month. In fact, New Jack Trucking LLC had no employees and no payroll obligations.

      e.    Fake IRS Form 941 and a falsified bank statement, to make it appear that New Jack Trucking LLC had employees as of February 15, 2020.

14.    In total, FREEMAN stole and purloined more than $640,000 in government funds through PPP loan proceeds. FREEMAN used the proceeds of the wrongfully obtained PPP loans for unauthorized personal purposes. FREEMAN did not use PPP loan proceeds for payroll.

**B.    Overt Acts**

15.    In furtherance of the conspiracy and to effect its object, in King County, within the Western District of Washington and elsewhere, JOSEPH M. FREEMAN, together with other individuals, committed and caused to be committed, among others, the following overt acts, which are representative of the various overt acts undertaken in furtherance of the conspiracy:

      a.    On or about May 19, 2020, FREEMAN caused and consented to the submission of a fraudulent PPP loan application package to Lender 1 in support of a PPP loan for Special Delivery LLC, seeking $500,000 belonging to the United States.

      b.    On or about June 15, 2020, FREEMAN caused and consented to the submission of a fraudulent PPP loan application package to Lender 1 in support of a PPP loan for New Jack Trucking LLC, seeking $146,000 belonging to the United States.

All in violation of Title 18, United States Code, Section 371.

**FORFEITURE ALLEGATIONS**

The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of the offense alleged in Count 1, the defendant JOSEPH M. FREEMAN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of

Information - 5
United States v. Freeman
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense. This property includes, but is not limited to:

1. A sum of money reflecting the proceeds the defendant obtained from the offense.

### (Substitute Assets)

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of the

//

//

Information - 6
*United States v. Freeman*
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED this 24 day of January, 2023.

*Sarah Y. Vogel, for*
NICHOLAS W. BROWN
United States Attorney

ANDREW C. FRIEDMAN
Assistant United States Attorney

CINDY CHANG
Assistant United States Attorney

Information - 7
*United States v. Freeman*
USAO No. 2020R01064

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970