The Honorable James L. Robart

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        FEB 23 2023

          AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-008-JLR |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JOSEPH M. FREEMAN, | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Cindy Chang of the Western District of Washington, and Joseph M. Freeman and his attorney Jennifer E. Wellman, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.     **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.     **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to Conspiracy to Commit Theft of Government Funds as charged in Count 1 of the Information, in violation of Title 18, United States Code, Section 371.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.     **Elements of the Offense**.  The elements of Conspiracy to Commit Theft of Government Funds, in violation of Title 18, United States Code, Section 371, are as follows:

*First*, there was an agreement between two or more persons to commit the crime of theft of government funds;

*Second*, the Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

*Third*, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of Theft of Government Funds are as follow:

*First*, the Defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money;

*Second*, the money belonged to the United States; and

*Third*, the value of the money was more than $1,000.

4.     **The Penalties**.  Defendant understands that the statutory penalties applicable to the offense of Conspiracy to Commit Theft of Government Funds, in violation of Title 18, United States Code 371, as charged in Count 1 are as follows: A maximum term of imprisonment of up to five (5) years; a fine of up to $250,000, or twice the gross pecuniary gain to the defendant or the gross pecuniary loss to the victims of the

Plea Agreement - 2
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  offense; a period of supervision following release from prison of up to three (3) years,

2  and a mandatory special assessment of $100 dollars.  If a probationary sentence is

3  imposed, the probation period can be for up to five (5) years.

4      Defendant understands that supervised release is a period of time following

5  imprisonment during which Defendant will be subject to certain restrictive conditions and

6  requirements.  Defendant further understands that, if supervised release is imposed and

7  Defendant violates one or more of the conditions or requirements, Defendant could be

8  returned to prison for all or part of the term of supervised release that was originally

9  imposed.  This could result in Defendant serving a total term of imprisonment greater

10  than the statutory maximum stated above.

11      Defendant understands that as a part of any sentence, in addition to any term of

12  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

13  restitution to any victim of the offense, as required by law.

14      Defendant further understands that the consequences of pleading guilty may

15  include the forfeiture of certain property, either as a part of the sentence imposed by the

16  Court, or as a result of civil judicial or administrative process.

17      Defendant agrees that any monetary penalty the Court imposes, including the

18  special assessment, fine, costs, or restitution, is due and payable immediately and further

19  agrees to submit a completed Financial Disclosure Statement as requested by the United

20  States Attorney's Office.

21      5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

22  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

23          a.    The right to plead not guilty and to persist in a plea of not guilty;

24          b.    The right to a speedy and public trial before a jury of Defendant's

25  peers;

26

27

Plea Agreement - 3
*United States v. Joseph M. Freeman*, CR23-008-JLR

1        c.      The right to the effective assistance of counsel at trial, including, if

2  Defendant could not afford an attorney, the right to have the Court appoint one for

3  Defendant;

4        d.      The right to be presumed innocent until guilt has been established

5  beyond a reasonable doubt at trial;

6        e.      The right to confront and cross-examine witnesses against Defendant

7  at trial;

8        f.      The right to compel or subpoena witnesses to appear on Defendant's

9  behalf at trial;

10        g.      The right to testify or to remain silent at trial, at which trial such

11  silence could not be used against Defendant; and

12        h.      The right to appeal a finding of guilt or any pretrial rulings.

13      6.     **United States Sentencing Guidelines**.  Defendant understands and

14  acknowledges that the Court must consider the sentencing range calculated under the

15  United States Sentencing Guidelines and possible departures under the Sentencing

16  Guidelines together with the other factors set forth in Title 18, United States Code,

17  Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the

18  history and characteristics of Defendant; (3) the need for the sentence to reflect the

19  seriousness of the offense(s), to promote respect for the law, and to provide just

20  punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

21  to criminal conduct; (5) the need for the sentence to protect the public from further

22  crimes of Defendant; (6) the need to provide Defendant with educational and vocational

23  training, medical care, or other correctional treatment in the most effective manner; (7)

24  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

25  need to avoid unwarranted sentence disparity among defendants involved in similar

26  conduct who have similar records.  Accordingly, Defendant understands and

27  acknowledges that:

Plea Agreement - 4
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.     **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

a.     From about May 2020 through about June 2020, Defendant Joseph M. Freeman, together with co-conspirators known and unknown, submitted or caused or consented to be submitted two fraudulent application packages for the United States Small Business Administration's (SBA) Paycheck Protection Program (PPP) in order to steal money belonging to the United States.

b.     PPP was a source of relief authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a federal law enacted on March 27, 2020 and designed to provide emergency financial assistance to Americans suffering the economic effects caused by the COVID-19 pandemic. PPP provided forgivable loans to small businesses for job retention and certain other expenses. To qualify for a PPP loan, a business must have been in operation as of February 15, 2020 and must have had employees for whom it paid salaries and payroll taxes or paid independent contractors.

Plea Agreement - 5
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On the application for a PPP loan, an authorized representative of the applicant-business had to certify the business's eligibility and had to state, among other things, the business's average monthly payroll expenses and number of employees. The application also required documentation showing payroll expenses.

      c.    On or about May 2020, Freeman and his co-conspirators agreed to use his existing business entities to submit fraudulent applications to obtain PPP funding. In furtherance of the conspiracy, Freeman provided his co-conspirators the name of his businesses, Special Delivery LLC and New Jack Trucking LLC, their EIN numbers, and bank accounts numbers.

      d.    Freeman, together with his co-conspirators, then knowingly and with intent steal or purloin money belonging to the United States, submitted or caused and/or consented to be submitted two fraudulent application packages for PPP loans on behalf of businesses Freeman owned to different lenders participating in PPP.  The loan applications contained the following amounts:

| Entity Name | Lender | Loan Amount |
| --- | --- | --- |
| Special Delivery LLC | Lender 1/ Financial Institution 1 | $500,000 |
| New Jack Trucking LLC | Lender 1/Financial Institution 2 | $146,000 |

      e.    Each of the loan applications contained materially false statements about each business' eligibility for the loans.  On or about May 19, 2020, Freeman, together with his co-conspirators, submitted or caused to be submitted, a fraudulent PPP loan application package to Lender 1 in support of a PPP loan for Special Delivery LLC. The fraudulent application was for $500,000 and falsely claimed that Special Delivery LLC had an average monthly payroll of $200,000 and 15 employees.  The applicant also falsely certified that Special Delivery LLC "had employees for whom it paid salaries and payroll taxes or paid independent contractors."  In fact, as Freeman and his co-conspirators knew, Special Delivery LLC did not have employees on payroll as claimed.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.      In support of the application, Freeman's coconspirators also submitted multiple documents that they knew were fake and contained materially false statements, including: (1) a fake IRS Form 940 that falsely claimed that Special Delivery LLC had paid wages in the amount of $2.4 million in 2019; and (2) a fake IRS Form 941 that falsely claimed that Special Delivery LLC had paid taxable wages in the amount of $600,000 to 15 employees in the first quarter of 2020.

g.      On or about May 19, 2020, Freeman and his coconspirators signed or caused to be signed the PPP Borrower Application Form and falsely certified that the information and supporting documents provided in support of the application on behalf of Special Delivery LLC were "true and accurate in all material respects." Based on these material misrepresentations, Lender 1 provided the Special Delivery LLC loan application package to Financial Institution 1, and on or about May 20, 2020, Financial Institution 1 transmitted $500,000 to a bank account controlled by Freeman. On May 22, 2020, Freeman transferred the $500,000 in loan proceeds to a different bank account that he controlled.

h.      On or about June 15, 2020, Freeman and his coconspirators submitted or caused to be submitted a fraudulent PPP loan application package to Lender 1 in support of a PPP loan for New Jack Trucking LLC. To support the loan amount of $146,000, the fraudulent application falsely claimed that New Jack Trucking LLC had an average monthly payroll of $58,400 and 10 employees. With Freeman's knowledge and consent, the co-conspirators also falsely certified that New Jack Trucking LLC "was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors." In fact, as Freeman and his co-conspirators knew, New Jack Trucking LLC was not in operation and did not have employees as claimed.

i.      In support of the application, Freeman and his co-conspirators also submitted or caused to be submitted multiple documents that they knew were fake and contained materially false statements, including: 1) four fake IRS Form 941s that falsely

Plea Agreement - 7
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

claimed that New Jack Trucking LLC had paid taxable wages in the amount of $175,200 to 10 employees in the first, second, third, and fourth quarters of 2019; and 2) a falsified bank statement that inflated the amount of money in the New Jack Trucking LLC business bank account.

j.     On or about June 15, 2020, with Freeman's knowledge and consent, Freeman's coconspirators signed the PPP Borrower Application Form and falsely certified that the information and supporting documents they had provided in support of the application on behalf of New Jack Trucking LLC were "true and accurate in all material respects." Based on these material misrepresentations, Lender 1 provided the New Jack Trucking LLC loan application package to Financial Institution 2, and on or about June 16, 2020, Financial Institution 2 transmitted $146,000 to a bank account controlled by Freeman.

k.     After receipt of the PPP proceeds, Freeman created an Employee Personnel Data Listing with Paychex, a payroll processing company, reflecting names of individuals who were not actual employees as claimed in the PPP loan.

l.     Freeman originally received a total of $646,000 in PPP loan proceeds ($500,000 for Special Delivery and $146,000 for New Jack Trucking) which Freeman knew he was not eligible to receive. Freeman distributed a portion of the PPP funds to co-conspirators. He also used these loan proceeds for unauthorized personal purposes. On July 10, 2020, Freeman's bank froze approximately $220,000 of the loan proceeds of the Special Delivery PPP loan, and later, upon learning that the bank was holding approximately $220,000 of the loan proceeds, Freeman relinquished any rights to $219,333.12 to Financial Institution 1. In April 2022, Financial Institution 1 forwarded this amount to the SBA and the SBA paid Financial Institution 1 $280,666.88, representing the balance of the fraudulently obtained Special Delivery loan. The total amount of net loss equals $426,666.88.

Plea Agreement - 8
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   The parties agree that the Court may consider additional facts contained in the

2   Presentence Report (subject to standard objections by the parties) and/or that may be

3   presented by the United States or Defendant at the time of sentencing, and that the factual

4   statement contained herein is not intended to limit the facts that the parties may present to

5   the Court at the time of sentencing.

6      9.    **Sentencing Factors**.  The parties agree that the following Sentencing

7   Guidelines provisions apply to this case:

8          a.    A base offense level of 6, pursuant to USSG § 2B1.1(a)(2); and

9          b.    A 14-level increase, pursuant to USSG § 2B1.1(b)(1)(H), because

10  the loss was more than $550,000, but less than $1,500,000.

11     The parties understand that, at the time of sentencing, the government will seek a

12  2-level increase, pursuant to USSG § 2B1.1(b)(10)(C), because the offense involved

13  sophisticated means.

14     The parties agree they are free to present arguments regarding the applicability of

15  all other provisions of the United States Sentencing Guidelines.  Defendant understands,

16  however, that at the time of sentencing, the Court is free to reject these stipulated

17  adjustments, and is further free to apply additional downward or upward adjustments in

18  determining Defendant's Sentencing Guidelines range.

19     10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes

20  Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

21  to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

22  make the motion necessary to permit the Court to decrease the total offense level by three

23  (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the

24  United States by timely notifying the United States of Defendant's intention to plead

25  guilty, thereby permitting the United States to avoid preparing for trial and permitting the

26  Court to allocate its resources efficiently.

27

Plea Agreement - 9
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11.   **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is no more than 24 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.   **Restitution.** Defendant shall make restitution to the following parties:

| U.S. Small Business Administration | $280,666.88 |
|---|---|
| Financial Institution 2 | $146,000.00 |

The total amount of restitution that is due is $426,666.88. Said amounts shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

13.   The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including  tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

b.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

Plea Agreement - 11
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    14.    **Forfeiture of Assets**.  Defendant agrees to forfeit to the United States

2  immediately Defendant's right, title, and interest in any and all property, real or personal,

3  that was traceable to proceeds of his commission of Conspiracy to Commit Theft of

4  Government Funds as charged in Count 1 of the Information.  All such property is

5  forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title

6  28, United States Code, Section 2461(c), and includes, but is not limited to, a judgment

7  for a sum of money in the amount of $426,666.88, representing the proceeds Defendant

8  personally obtained as a result of the offense.

9    Defendant understands and acknowledges that the forfeiture identified in this

10  Paragraph reflects a criminal penalty that is separate and distinct from the restitution that

11  is ordered in this case for victim losses. The United States agrees, however, that it will

12  request that the Attorney General apply, through restoration, the net proceeds from the

13  identified forfeiture to any unsatisfied balance of the restitution that is ordered. The

14  United States further agrees that any amount Defendant pays toward restitution will be

15  credited against the forfeited sum.

16    Defendant agrees to fully assist the United States in the forfeiture of any

17  forfeitable property and to take whatever steps are necessary to pass clear title to the

18  United States, including but not limited to: surrendering title and executing any

19  documents necessary to effect forfeiture; assisting in bringing any property located

20  outside the United States within the jurisdiction of the United States; and taking whatever

21  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

22  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file

23  a claim to any of this property in any federal forfeiture proceeding, administrative or

24  judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture

25  proceeding that may be or has been initiated. Defendant also agrees he will not assist any

26  party who may file a claim to this property in any federal forfeiture proceeding.

27

Plea Agreement - 12
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The United States reserves its right to proceed against any remaining property not

2  identified in this Plea Agreement, including any property in which the Defendant has any

3  interest or control, if that property constitutes or is traceable to proceeds of his

4  commission of Conspiracy to Commit Theft of Government Funds as charged in Count 1.

5    15.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal

6  law enforcement agency seized any illegal contraband that was in Defendant's direct or

7  indirect control, Defendant consents to the federal administrative disposition, official use,

8  and/or destruction of that contraband.

9    16.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

10  the United States Attorney's Office for the Western District of Washington agrees not to

11  prosecute Defendant for any additional offenses known to it as of the time of this Plea

12  Agreement based upon evidence in its possession at this time, and that arise out of the

13  conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

14  States has agreed not to prosecute all of the criminal charges the evidence establishes

15  were committed by Defendant solely because of the promises made by Defendant in this

16  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

17  Presentence Report, the United States Attorney's Office will provide the United States

18  Probation Office with evidence of all conduct committed by Defendant.

19    Defendant agrees that any charges to be dismissed before or at the time of

20  sentencing were substantially justified in light of the evidence available to the United

21  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

22  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

23  (1997).

24    17.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

25  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

26  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

27  States has evidence; (b) Defendant will not oppose any steps taken by the United States

Plea Agreement - 13
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

2   Agreement; and (c) Defendant waives any objection to the re-institution of any charges

3   that previously were dismissed or any additional charges that had not been prosecuted.

4           Defendant further understands that if, after the date of this Plea Agreement,

5   Defendant should engage in illegal conduct, or conduct that violates any conditions of

6   release or the conditions of confinement (examples of which include, but are not limited

7   to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

8   pending sentencing, and false statements to law enforcement agents, the Pretrial Services

9   Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

10  to file additional charges against Defendant or to seek a sentence that takes such conduct

11  into consideration by requesting the Court to apply additional adjustments or

12  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

13  advisory Guidelines range, and/or by seeking an upward departure or variance from the

14  calculated advisory Guidelines range.  Under these circumstances, the United States is

15  free to seek such adjustments, enhancements, departures, and/or variances even if

16  otherwise precluded by the terms of the Plea Agreement.

17          18.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**

18  Defendant acknowledges that, by entering the guilty plea required by this Plea

19  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

20  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

21  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

22  custodial sentence that is within or below the Sentencing Guidelines range (or the

23  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

24  Court at the time of sentencing, Defendant waives to the full extent of the law:

25          a.      Any right conferred by Title 18, United States Code, Section 3742,

26  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

27

Plea Agreement - 14
*United States v. Joseph M. Freeman*, CR23-008-JLR

1  restitution order, probation or supervised release conditions, or forfeiture order (if

2  applicable); and

3          b.      Any right to bring a collateral attack against the conviction and

4  sentence, including any restitution order imposed, except as it may relate to the

5  effectiveness of legal representation.

6       This waiver does not preclude Defendant from bringing an appropriate motion

7  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

8  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

9       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

10 attacking (except as to effectiveness of legal representation) the conviction or sentence in

11 any way, the United States may prosecute Defendant for any counts, including those with

12 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

13 Agreement.

14      19.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

15 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

16 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

17 Agreement or set forth on the record at the change of plea hearing in this matter.

18      20.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

19 by the Court for any reason, or Defendant breaches any of the terms of this Plea

20 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

21 the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

22 Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

23 of the Plea Agreement by Defendant is discovered by the United States Attorney's

24 Office.

25      21.    **Completeness of Plea Agreement**.  The United States and Defendant

26 acknowledge that these terms constitute the entire Plea Agreement between the parties,

27 except as may be set forth on the record at the change of plea hearing in this matter.  This

Plea Agreement - 15
*United States v. Joseph M. Freeman*, CR23-008-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23rd day of February, 2023.

_____
JOSEPH M. FREEMAN
Defendant

_____
JENNIFER E. WELLMAN
Attorney for Defendant

_____
CINDY CHANG
Assistant United States Attorney

Plea Agreement - 16
*United States v. Joseph M. Freeman*, CR23-008-JLR